UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 19-9598 FMO (RAOx) | Date | May 5, 2020 |
|---|---|---|---|
| Title | Ball C M, Inc., et al. v. Neilla Marie Cenci, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order Remanding Action

Plaintiffs Ball C M, Inc. ("Ball CM") and James C. Ball, an individual and as Trustee of the Ball C M, Inc. 401(k) Plan ("Ball") (collectively "plaintiffs") filed a Complaint in the Los Angeles County Superior Court against several defendants, including Discover Bank ("Discover") and Neilla Marie Cenci ("Cenci"), a citizen of California, (see Dkt. 1, Notice of Removal ("NOR") at ¶ 2; Dkt. 1-1, Complaint), asserting only state law claims.  (See Dkt. 1-1, Complaint at ¶¶ 54-159).  On November 7, 2019, Discover removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332, asserting that Cenci was fraudulently joined as a sham defendant and therefore did not destroy complete diversity for removal purposes.  (See Dkt. 1, NOR at ¶ 2).  Plaintiffs move to remand.  (See Dkt. 24, Motion for Order Remanding Action ("Motion")).  Having reviewed the record, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

**LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 19-9598 FMO (RAOx) | Date | **May 5, 2020** |
| Title | **Ball C M, Inc., et al. v. Neilla Marie Cenci, et al.** | | |

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 790 (9th Cir. 2018) ("Subject matter jurisdiction is the touchstone for a district court's authority to remand sua sponte.").

**DISCUSSION**

The court's review of the NOR and the attached state court Complaint make clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiffs could not have originally brought this action in federal court, as plaintiffs do not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(b)(2); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). Plaintiffs are citizens of California. (See Dkt. 1, NOR at ¶ 2(b)). Although defendant Cenci is also a citizen of California, (see id. at ¶ 2(a)), Discover asserts that she is a sham defendant who was fraudulently joined, and therefore her citizenship should be disregarded for purposes of diversity jurisdiction. (See id.).

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Comput. Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, Inc., 140 F.2d 310, 312 (9th Cir. 1944) (footnote omitted); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). The defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (internal quotation marks omitted) (emphasis in original). Indeed, "[a] defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 19-9598 FMO (RAOx) | Date | May 5, 2020 |
|---|---|---|---|
| Title | Ball C M, Inc., et al. v. Neilla Marie Cenci, et al. | | |

invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotation marks omitted).

The court finds that Discover has failed to meet its "heavy burden" of showing by clear and convincing evidence that plaintiffs do not have colorable claims against Cenci. Discover has failed to establish how plaintiffs' claims against Cenci are deficient or why this deficiency could not possibly be cured by amendment of the complaint. (See, generally, Dkt. 1, NOR). Thus, the court is unable to conclude that Cenci is a sham defendant. See, e.g., Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant].").

Discover first contends that Cenci is a sham defendant because "there is already an identical, pending action in Los Angeles Superior Court filed by [Ball CM][,]" (Dkt. 1, NOR at 2), and "an identical, subsequent action involving the same claims and parties is properly dismissed." (Id. at 3). However, the parties and claims are not identical in the other state court action. Also, Discover's position rests on speculation regarding the proceedings in both the other state court action and the instant action.

Discover next argues that Cenci filed for bankruptcy prior to the filing of the instant Action, and that the automatic stay under 11 U.S.C. § 362 means that Cenci was "not amenable to service of legal process" and therefore is a sham defendant. (See Dkt. 47, Opposition of Defendant Discover Bank to Plaintiff's Motion for Order Remanding Action ("Opp.") at 8-9; see also Dkt. 1, NOR at ¶ 2(a)). Plaintiffs assert that this argument was "rendered [] moot" by the Bankruptcy Court's Relief from Stay Order of December 3, 2019, (Dkt. 26-1, "RFS Order"),[2] which "[a]nulled retroactively" the automatic stay to Cenci's "bankruptcy petition date." (See id. at ECF 271; Dkt. 24, Motion at 8). Discover responds that diversity is determined at the time of removal – here, November 7, 2019 – and that relief from stay was not granted until December 3, 2019. (See Dkt. 47, Opp. at 9). But the RFS Order, (Dkt. 26-1), retroactively annulled the automatic stay to Cenci's bankruptcy petition date of December 6, 2018. (See id. at ECF 271 & 274). Put differently, the retroactive annulment under 11 U.S.C. § 362(d) rendered the automatic stay inapplicable in the first instance, so it is irrelevant whether the RFS Order was issued before or after the filing of the

---

[2] The court grants plaintiffs' request for judicial notice of the RFS Order, (Dkt. 26-1), which is a court record available through PACER. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 19-9598 FMO (RAOx) | Date | May 5, 2020 |
|---|---|---|---|
| Title | Ball C M, Inc., et al. v. Neilla Marie Cenci, et al. | | |

NOR.  See In re Schwartz, 954 F.2d 569, 573 (9th Cir. 1992) ("If a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay, and whether violations of the stay are void or voidable is not at issue.").  As the RFS Order plainly establishes, there could be no violation of the automatic stay because, as a matter of law, the automatic stay did not exist as to the Complaint, so it was not in effect when the NOR was filed.  (See Dkt. 26-1, RFS Order at ECF 271).  Thus, the Complaint was not subject to the automatic stay and Cenci was not a sham defendant at the time of removal.

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Discover has met its burden of showing by clear and convincing evidence that Cenci was fraudulently joined.[3]  See Grancare, LLC, 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder.") (internal quotation marks omitted); see, e.g., Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted).  Thus, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.  Plaintiffs' Motion **(Document No. 24)** is **granted in part** and **denied in part**.  The Motion is denied as to fees and costs.

2.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

---

[3] Plaintiffs seek an award of attorney's fees and costs in connection with their Motion. (See Dkt. 24, Motion at 16-17).  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005).  Here, the court finds that attorney's fees under 28 U.S.C. § 1447(c) are unwarranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 19-9598 FMO (RAOx) | Date | May 5, 2020 |
|---|---|---|---|
| Title | **Ball C M, Inc., et al. v. Neilla Marie Cenci, et al.** | | |

3. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |